SCAD-14-0001377

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

MARK L. WEBER,
Respondent.

---

ORIGINAL PROCEEDING
(ODC 14-063-9206)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Office of Disciplinary Counsel's December 22, 2014 petition for issuance of a reciprocal discipline notice to Respondent Mark L. Weber, pursuant to Rule 2.15(b) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), the memorandum, affidavit, and exhibits appended thereto, the December 30, 2014 Notice of Reciprocal Discipline issued by this court, and the record, it appears that, on April 8, 2014, the Supreme Court of California disbarred Respondent Weber for stealing numerous checks from his firm's accounts, forging the firm's signatory attorney's signature or otherwise altering them, and converting the $11,126.00 in proceeds to his own use and

benefit, over a twelve-month period, despite being given repeated chances by his law firm to reform his conduct, thereby, in the conclusion of the California Supreme Court, "wilfully engag[ing] in acts of moral turpitude, dishonesty, and corruption."  The California Supreme Court found no factors in mitigation, and found, in aggravation, that Weber demonstrated bad faith, dishonesty, indifference toward rectification or atonement for the harm inflicted on others, and contempt for the disciplinary proceedings.  Such conduct, if committed in this jurisdiction, would represent violations of HRPC Rules 8.4(c) and 8.4(g) and justify disbarment.  It further appears that this court's December 30, 2014 Notice of Reciprocal Discipline was served on Respondent Weber on February 19, 2015 and, by the terms of the December 30, 2014 order, RSCH Rule 2.15(b), and Rule 6(a) of the Hawaiʻi Rules of Civil Procedure,  Respondent Weber had until March 23, 2015 to respond to the Notice with any reasons as to why reciprocal discipline should not be imposed upon him. Respondent Weber has failed to respond and a review of the record and precedent demonstrates, pursuant to RSCH Rules 2.15(c) and (d), that reciprocal discipline is authorized and justified. Therefore,

IT IS HEREBY ORDERED that Respondent Mark L. Weber is disbarred from the practice of law in this jurisdiction, pursuant to RSCH Rules 2.3(a)(1) and 2.15(c), effective thirty days after

the entry of this order.

IT IS FURTHER ORDERED that Respondent Weber shall, in accordance with RSCH Rule 2.16(d), file with this court within 10 days after the effective date of his disbarment, an affidavit showing compliance with RSCH Rule 2.16(d).

IT IS FURTHER ORDERED that Respondent Weber shall bear the costs of these reciprocal proceedings, pursuant to RSCH Rule 2.3(c), upon the timely submission of a verified bill of costs by the Office of Disciplinary Counsel.

DATED: Honolulu, Hawaiʻi, April 13, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



3